U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2025 MAY 23 PM 4:30
CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DAVID D'AMBROSIO,<br><br>Petitioner,<br><br>v.<br><br>KIKA SCOTT, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, ANDREW J. DAVIDSON, Acting Deputy Director of the U.S. Citizenship & Immigration Services, KRISTI NOEM, Secretary of the Department of Homeland Security, TODD LYONS, Acting Director of Immigration & Customs Enforcement; PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | ) | Case No. 2:25-cv-468 |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**
**(Docs. 5, 21)**

Petitioner David D'Ambrosio seeks a temporary restraining order or preliminary injunction barring his removal from the United States. (Docs. 5, 21.) The Government has filed a response. (Doc. 20.) On May 23, 2025, the court held a video hearing concerning the pending motions.

**Factual Background**

The facts are not in dispute.

Petitioner David D'Ambrosio is an Italian citizen who entered the United States in 2017 through the Visa Waiver Program. (Doc. 15-1 ¶ 5.) That program allowed him to remain for 90 days for tourism or business. 8 U.S.C. § 1187; *see* DHS, U.S. Visa Waiver Program, https://www.dhs.gov/visa-waiver-program [https://perma.cc/5RSY-4H5T]. Mr. D'Ambrosio

remained in the United States for eight years, marrying an American citizen and residing in New Hampshire. (Doc. 1 ¶ 18.)

On February 19, 2025, American immigration officials detained Mr. D'Ambrosio at the Canadian border after he made a "U-turn" and sought to re-enter the United States. (*Id.* ¶ 19.) He remains detained and is subject to a final removal order that issued on April 5, 2025. (Doc. 1-4.)

On March 12, 2025, Mr. D'Ambrosio filed two forms with the United States Citizenship and Immigration Service: a Form I-360 seeking classification as an abused spouse under the provisions of the Violence Against Women Act ("VAWA") and a Form I-485 seeking an adjustment of status to lawful permanent resident ("LPR") following approval of the Form I-360. (Doc. 21-4; Doc. 21-5.) On May 13, 2025, the USCIS approved the form I-360. (Doc. 21-4.) On May 14, 2025, the USCIS denied the Form I-485. (Doc. 21-5.)

**Prior Litigation**

On April 2, 2025, Mr. D'Ambrosio filed a habeas petition with the United States District Court for the District of Massachusetts. *Dambrosio v. McDonald*, No. 25-cv-10782 (D. Mass.). As in this case, the petition sought an order requiring USCIS to act on the pending Form I-360 and Form I-485. The district court denied the petition on jurisdictional grounds. *Dambrosio v. McDonald*, No. 25-cv-10782, 2025 WL 1070058 (D. Mass. Apr. 9, 2025). Mr. D'Ambrosio's motion to set aside the court's judgment remains pending.

Mr. D'Ambrosio also filed an appeal of his administrative removal order with the United States Court of Appeals for the First Circuit. Petition, *D'Ambrosio v. Bondi*, No. 25-1342 (1st Cir. Apr. 8, 2025). That court has repeatedly denied his requests for an order staying his removal. The appeal remains pending.

Mr. D'Ambrosio also filed a second action in the District of Massachusetts in which he sought mandamus relief under the Administrative Procedures Act. In that case, the court concluded that it lacked jurisdiction and stayed the case pending resolution of the appeal to the First Circuit. Mr. D'Ambrosio filed a motion to dismiss his mandamus action, which the court granted. *Dambrosio v. Scott*, No. 25-cv-11186 (D. Mass. May 5, 2025).

**Legal Standard**

The immediate issue before this court is whether to extend the ex parte temporary restraining order or in the alternative issue a preliminary injunction. Because the Government has appeared and filed an opposition to the request for injunctive relief, the court treats Petitioner's two motions (Docs. 5 and 21) as motions for a preliminary injunction. Petitioner bears the burden of demonstrating:

- A likelihood of success on the merits;
- Irreparable harm;
- A balance of equities tipping in his favor;
- Public interest favoring injunctive relief.

*Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024) (cleaned up). Although each factor is important, "[t]he showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (cleaned up). When the Government is a party in a lawsuit, "'the Government's interest *is* the public interest,' [so] the balance of the hardships and public interest merge as one factor." *Saget v. Trump*,

375 F. Supp. 3d 280, 339–40 (E.D.N.Y. 2019) (quoting *New York v. U.S. Dep't of Com.*, 351 F. Supp. 3d 502, 673 (S.D.N.Y. 2019)).

## Analysis

### I. Irreparable Harm

The court addressed the issue of irreparable harm in its ex parte order granting Mr. D'Ambrosio a TRO. (Doc. 7.) The situation has changed in certain important ways since then. Mr. D'Ambrosio's I-485 has now been denied. His removal will not therefore cause his I-485 to be denied. Nevertheless, Mr. D'Ambrosio still has the opportunity to move for USCIS to reopen or reconsider his I-485, an opportunity he will lose if removed. 8 C.F.R. § 103.5. As before, if Mr. D'Ambrosio is removed from the country, he will be barred from returning to the United States for 10 years. 8 U.S.C. § 1182(a)(9)(B)(i)(II). The United States has been Mr. D'Ambrosio's home for eight years. Being removed from his community, likely permanently, constitutes irreparable harm.

### II. Likelihood of Success on the Merits

Although Mr. D'Ambrosio will likely suffer irreparable harm if removed from the United States, he cannot demonstrate a likelihood of success on the merits on either of his claims.

#### A. Agency Action Unreasonably Delayed

When Mr. D'Ambrosio first filed his Complaint in this court, he sought a writ of mandamus compelling USCIS to adjudicate his I-360 and I-485 petitions, alleging unreasonable delay. USCIS has now adjudicated those petitions, albeit unfavorably in the case of the I-485. The Government argues that Mr. D'Ambrosio's claim is moot. Mr. D'Ambrosio responds that the controversy is still live because USCIS's unreasonable delay in adjudicating his applications directly resulted in the I-485's denial, making that denial unlawful. (Doc. 21-1 at 3, 12.)

Specifically, USCIS denied the I-485 as a matter of discretion, reasoning that Mr. D'Ambrosio did not warrant a favorable exercise of discretion because he had a final order of removal. (*Id.*; Doc. 21-5 at 5.) Mr. D'Ambrosio believes that if USCIS had acted more quickly he would not have had a final removal order at the time of adjudication, and the I-485 would have been granted. (Doc. 21-1 at 3.)

This court had jurisdiction over Mr. D'Ambrosio's claim of unreasonable delay under 5 U.S.C. § 706, which gives the court the power "to compel agency action unlawfully withheld or unreasonably delayed." There is no longer any agency action to compel. "When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction." *Mahon v. Johnson*, 321 F. Supp. 3d 320, 323–24 (E.D.N.Y. 2018) (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)).

To the extent that this court has the power to "hold unlawful and set aside agency action, findings, and conclusions of law" under 5 U.S.C. § 706(2), it has no such power here. Both this court and the Second Circuit have held that the INA bars judicial review of a final decision on an application to adjust status. *Xia v. Bondi*, No. 24-2304, --- F.4th ----, 2025 WL 1427540, at *5 (2d Cir. May 19, 2025) (holding that § 1252(a)(2)(B)(i) "bars review of a USCIS denial of an application for adjustment of status"); *Zhi He v. Chertoff*, No. 7-cv-14, 2007 WL 2572359, at *3 (D. Vt. Sept. 4, 2007). Granting Mr. D'Ambrosio the relief he seeks would require the court to pass on the propriety of the I-485 denial, something this court cannot do. *Xia*, 2025 WL 1427540, at *6.

**B. Unlawful Rescission of ICE Directive 11005.3**

Mr. D'Ambrosio also brings a claim challenging ICE's recission of ICE Directive 11005.3 as arbitrary and capricious. ICE rescinded the directive on January 30, 2025, when it issued ICE Policy Number 11005.4. ICE Policy Number 11005.4, https://www.ice.gov/doclib/foia/policy/11005.4.pdf [https://perma.cc/2NAG-2VD2]. While Directive 11005.3 was in place, it required ICE employees to "refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits."

When Mr. D'Ambrosio filed this lawsuit, he had a pending application for a victim-based immigration benefit. He was therefore within the scope of the prior version of the ICE directive. Given the denial of his I-485, he no longer has a pending application for a victim-based immigration benefit, nor is he a beneficiary of such a benefit.

Mr. D'Ambrosio insists that his claim is not moot because, if he obtained declaratory judgment that the rescission was unlawful, "he [could] use the Court's decision in support of his motion to reopen or reconsider" his I-485. (Doc. 21-1 at 13.) He submits that he could argue to USCIS that his removal order was unlawful because it violated ICE Directive 11005.3, which was itself unlawfully rescinded. He also argues that, "[i]f the Court issues . . . declaratory judgment in Petitioner's favor, ICE will be required to release him from detention and to cancel the previously issued removal order (that ICE issued contrary to law) and to refrain from taking civil enforcement against Petitioner." (Doc. 21 at 3.) Mr. D'Ambrosio seeks declaratory judgment for the specific purpose of rendering his removal order invalid. This requested relief is the kind of "indirect" challenge to a final order of removal that the Second Circuit held that district courts are foreclosed from adjudicating. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d

Cir. 2011) (per curiam) ("We conclude that Delgado is indirectly challenging her reinstated order of removal, and accordingly, we hold that section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge. . . . We agree with the Ninth Circuit's conclusion that an 'adjustment-of-status challenge is inextricably linked to the reinstatement of [a noncitizen's] removal order,' because 'a nunc pro tunc Form I-212 waiver of inadmissibility and the adjustment of status to that of [a lawful permanent resident]' would render the reinstatement order 'invalid.'" (last alteration in original)). Mr. D'Ambrosio currently has a petition for review pending with the First Circuit. If he wishes to challenge the legality of his removal order, that court is the proper forum.

The Government has raised several other arguments regarding the unlikelihood of Mr. D'Ambrosio's success on the merits. Having already concluded that Mr. D'Ambrosio is unlikely to succeed, the court will not address those arguments here.

## III. Balancing the Equities and the Public Interest

In analyzing the last two injunction factors, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief," as well as "the public consequences in employing the extraordinary remedy of injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "To establish that the balance of hardships tips in their favor, the plaintiff must demonstrate that the harm they would suffer absent the relief sought is substantially greater than the harm the defendants would suffer if the injunction were granted." *New York v. U.S. Dep't of Educ.*, 477 F. Supp. 3d 279, 305 (S.D.N.Y. 2020). As noted above, the last two factors merge when the Government is a party in the case. *Saget*, 375 F. Supp. 3d at 339–40.

The court recognizes the irreparable harm that Mr. D'Ambrosio will face if removed. But the Government also has an interest in executing its removal orders without significant delay. And Mr. D'Ambrosio currently has a petition for review of his removal order pending with the First Circuit. That he has a second avenue for seeking the relief he desires weighs against his interest in an injunction here. But given the severity of the harm Mr. D'Ambrosio would face and the temporary nature of any injunction, this factor weighs in Mr. D'Ambrosio's favor.

## **Conclusion**

Although two of the three factors weigh in Mr. D'Ambrosio's favor, the likelihood of success on the merits weighs definitively against him—a showing he *must* make to warrant the grant of a preliminary injunction. *See Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) ("[T]o succeed in the present appeal, Plaintiffs must establish a likelihood of success on the merits. Because we conclude that Plaintiffs have failed to satisfy this burden, there is no need to address the other prongs of the analysis."); *Charter Commc'ns, Inc. v. Jewett*, 573 F. Supp. 3d 742, 758 (N.D.N.Y. 2021) ("Even assuming that Charter has shown that the balance of the hardships tips in its favor, without a showing of likelihood of success on the merits, this factor, alone, is insufficient to warrant injunctive relief."); *Gov't Emps. Ins. Co. v. Relief Med., P.C.*, 554 F. Supp. 3d 482, 503 (E.D.N.Y. 2021) ("If there are 'sufficiently serious questions going to the merits of its claims to make them a fair ground for litigation,' courts inquire into whether there is 'a balance of the hardships tipping decidedly in favor of the moving party.'" (quoting *Really Good Stuff, LLC v. Bap Invs., L.C.*, 813 F. App'x 39, 43 (2d Cir. 2020)). Having concluded that it likely has no jurisdiction to hear Mr. D'Ambrosio's claims for relief, the court DENIES the Motion for a Preliminary Injunction. (Docs. 5, 21.) The ex parte

temporary restraining order issued on May 9, 2025, and extended on May 14, 2025, is no longer in effect.

Dated at Burlington, in the District of Vermont, this 23rd day of May, 2025.

Geoffrey W. Crawford, Judge
United States District Court